UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS F. BRENAY, SR. and
LINDA BRENAY,

          Plaintiffs,          Case No. 15-cv-13213

v.          Honorable Thomas L. Ludington

TROY SIERRAS,

          Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING AND SUBMISSION OF
PROPOSED JURY INSTRUCTIONS**

Plaintiffs Dennis F. Brenay, Sr., and Linda Brenay brought suit against Defendants Michael Schartow, Kyle Glocksine, Troy Sierras, City of Essexville, and Bay City on September 10, 2015. Compl., ECF No. 1. Plaintiffs alleged two claims in the Complaint. The first, brought pursuant to 42 U.S.C. § 1983 against the individual officers, alleges that Defendants unlawfully entered Plaintiffs' home, used excessive force, and caused Brenay, Sr., to be arrested without probable cause. *Id.* at 14–15. The second, brought against the City of Essexville and Bay City pursuant to § 1983, alleges a policy and practice of inadequate training and supervision. *Id.* at 15–17. The parties later stipulated to dismiss Defendants Glocksine, City of Essexville, and Bay City. ECF Nos. 29, 35, 36.

On November 30, 2016, the Court concluded that the officers were entitled to qualified immunity on both claims and granted summary judgment for Defendants. ECF No. 49. On September 12, 2017, the Sixth Circuit issued an opinion affirming in part and reversing in part

that decision. ECF No. 55. Specifically, the Sixth Circuit held that "[t]he Brenays may proceed with their unlawful-entry claim against Officer Sierras on remand." *Id.* at 11.

On October 4, 2017, the Court held a status conference with counsel for both parties. At the conference, the discussion centered on what legal and factual questions remain after the Sixth Circuit's opinion. As discussed at the status conference, the parties will be directed to submit supplemental briefing (and proposed jury instructions) articulating their interpretation of the Sixth Circuit's opinion. The parties should address: (1) what factual and legal issues remain, (2) how jury resolution of those factual issues might impact the qualified immunity analyses, and (3) whether any factual questions which impact the qualified immunity analyses should be resolved in the same trial as the unlawful-entry claim. The proposed jury instructions should articulate how the remaining factual issues should be articulated for the jury. These submissions will be due in six weeks.

At the status conference, the parties indicated interest in pursuing facilitation with an independent facilitator. If the parties agree upon a facilitator and procure a date for facilitation within the next two weeks, the supplemental briefing and proposed jury instruction deadline will be stayed.

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to submit supplemental briefing and proposed jury instructions addressing the issues identified above **on or before November 16, 2017.**

It is further **ORDERED** that the parties are **DIRECT** to submit a notice indicating whether a facilitator has been procured and, if so, what date the facilitation is scheduled for **on**

**or before October 19, 2017.** If facilitation occurs, the Court will issue a text-only order staying the deadline for submission of the supplemental briefing and proposed jury instructions.

Dated: October 6, 2017					s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 6, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager